IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA V. CRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-G-1473-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

The plaintiff, Andrea V. Crum, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

> (5)   whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case, ALJ Joseph D. Schloss determined the plaintiff met the first two tests, but concluded that while the plaintiff's obesity and anemia are "severe" in combination, they did not meet or medically equal a listed impairment.  [R. 25].  The ALJ found the plaintiff able to perform her past relevant work, and found that the plaintiff retains the residual functional capacity to perform light work with a sit/stand option. [Id.].  Accordingly, the ALJ found the plaintiff was not disabled within the meaning of the Act.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

> alleged pain arising from that condition or (3) that the objectively
> determined medical condition is of such a severity that it can be reasonably
> expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective
> medical evidence of a condition that could reasonably be expected to cause
> the pain alleged, neither requires objective proof of the pain itself.  Thus
> under both the regulations and the first (objectively identifiable condition)
> and third (reasonably expected to cause pain alleged) parts of the Hand
> standard a claimant who can show that his condition could reasonably be
> expected to give rise to the pain he alleges has established a claim of
> disability and is not required to produce additional, objective proof of the
> pain itself.  See 20 CFR §§ 404.1529 and 416.929;  Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added).  Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons
> for refusing to credit a claimant's subjective pain testimony, then the
> Secretary, as a matter of law, has accepted that testimony as true.  Implicit
> in this rule is the requirement that such articulation of reasons by the
> Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work. In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony or the testimony of his doctors is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit that testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id.  If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as

6

true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id. This also holds true for the opinions of treating physicians.

### DISCUSSION

The plaintiff alleges disability because of anemia, high blood pressure, arthritis, possible slow learner with difficulty following directions and staying focused, fatigue, and dizziness. [R. 65]. As found by the ALJ, the plaintiff has the following "severe" impairments: obesity and anemia. [R. 24]. He rejected arthritis as a severe impairment, stating that the State Agency medical consultant found that "[t]here was no medical determination for arthritis." [R. 23]. Actually, the State Agency medical consultant said, "[t]he claimant does not have a MDI [medically determinable impairment] for arthritis." [R. 127]. In any event, neither statement is true and arthritis should have been considered by the ALJ as a severe impairment.

On July 27, 2005, the plaintiff underwent a consultative examination by Jack L. Zaremba, M.D. [R. 215-223]. Dr. Zaremba noted:

> 37-year-old female who is complaining of pain. She states she has severe, persistent pain, particularly in her feet. She also has pain in her knees, right greater that left. Her right side appears to be worse. She also has lower back pain. She has difficulty with standing and walking. She has some difficulties with her leg becoming weak and she has a tendency to fall. She has fallen most recently about a week ago and had an abrasion or laceration to her right anterior leg. This is now red, erythematous and warm. It appears to have a cellulitic component.

[R. 215]. After examination, Dr. Zaremba diagnosed the following:

1. Morbid obesity with a body mass index greater than 60, affecting her ambulation, sitting and standing. Severe mechanical degenerative arthralgias related to her lower back, knees and feet.

2. Degenerative disease of the knees and feet. Has had previous x-rays indicating degenerative arthritis of the feet, aggravated by her extreme weight. Also has had some knee pain associated with this, limiting her with regard to standing and walking. She is not able to mount the exam table. Even with some assistance, could not get her feet up that high, nor lift her legs.

3. Hypertension, poorly controlled at present.

4. Anemia with fatigability secondary to menometrorrhagia and uterine fibroids.

5. Uterine fibroid had been followed by a GYN in the past, not recently.

6. Cellulitis of the right lower extremity. Have advised her to immediately follow up at Cooper Green Hospital for antibiotics given the secondary infection from her fall within the past week.

7. Chronic fatigue, multifactorial, secondary to her morbid obesity and, more likely than not, sleep disturbance with sleep apnea and/or pickwickian syndrome.

[R. 217]. The ALJ rejected Dr. Zaremba's opinion:

The consultative examination performed at the request of the claimant's representative on July 27, 2005, provides a residual functional capacity that is based entirely on the claimant's subjective complaints. The conclusionary forms are not supported by or accompanied by any objective evidence. The examiner is not a treating source and therefore not entitled to receive any more weight that the State Agency medical consultants. Dr. Zaremba notes that the claimant has degenerative disease of the knees and feet, although there is no indication in the medical records that the claimant has problems with her left knee, and nothing in the records to support a problem with the claimant's feet.

[R. 24]. The reasons for rejecting Dr. Zaremba's opinion[1] are not supported by substantial evidence.

First, the record contains treatment notes from Carol Leitner, M.D., of Cooper Green Hospital, in which the plaintiff was advised to elevate her legs[2] and wear compression stockings because of lower extremity edema. [R. 142]. Diagnoses on December 21, 2004, included hypertension, anemia, chronic bilateral lower extremity edema, arthralgias, anovulatory obesity[3], and uterine fibroids. [Id.]. Further, an x-ray of the plaintiff's right foot confirmed degenerative changes[4] of the mid-foot. [R. 143]. Also, Joyce Goetsch, M.D., of Cooper Green Hospital, on September 24, 2004, diagnosed right hip arthralgia. [R. 147]. The ALJ's conclusion that there is no objective evidence supporting the plaintiff's condition is contrary to the record.

---

[1] The plaintiff's Body Mass Index (BMI) of over 60 is compelling support of Dr. Zaremba's findings and her own testimony as to pain. This court is sick and tired of ALJs refusing to consider obesity in combination with plain evidence of other impairments, when the regulations plainly require it. Of course the plaintiff's feet hurt! If this court had supervisory authority over this ALJ, he would be disciplined.

[2] The ALJ's finding that the plaintiff has the residual functional capacity to perform light work with a sit/stand option does not take into account the plaintiff's requirement to elevate her legs.

[3] In other words, an obese woman who is not ovulating.

[4] "[A]rthritis is an affliction of such common occurrence that laboratory findings are unnecessary; the obvious manifestations of arthritis during a physical examination qualify as objective medical facts or clinical findings." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987). However, an x-ray confirming degenerative changes is objective evidence. ALJ Schloss was advised of this x-ray at the hearing. [R. 239].

Second, although Dr. Zaremba does not qualify as a treating source under the Commissioner's regulations,[5] the ALJ is still required to consider his report. 20 C.F.R. § 416.927(d). In addition, an opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985). The ALJ's statement that Dr. Zaremba is not entitled to receive any more weight that the State Agency medical consultants is erroneous.

Of great concern to the court is that while the plaintiff testified to disabling pain, and Dr. Zaremba noted that her pain was at least markedly severe, ALJ Schloss made no mention of the Eleventh Circuit's three-part pain standard in his opinion. The ALJ's only statement as to the plaintiff's credibility was, "[T]he undersigned has considered the claimant's own subjective allegations and finds the claimant's complaints credibly establish no less of a residual functional capacity [to perform light work with a sit/stand option]." [R. 24]. The failure of the ALJ to articulate reasons for rejecting the plaintiff's pain testimony renders it taken as true, as a matter of law.

At the hearing, Norma Hill-Jacobson, a Vocational Expert (VE), testified that if Dr. Zaremba's clinical assessment of pain were credited, the plaintiff would not be

---

[5] We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

20 C.F.R. § 416.902.

able to work.  "Pain at that level is at least markedly severe and would interrupt her ability to concentrate," Ms. Hill-Jacobson testified. [R. 241].  Dr. Zaremba also opined that fatigue and weakness is present to such an extent that the plaintiff as to negatively affect adequate performance of daily activities or work, and to cause a total abandonment of tasks.  [R. 220].  The VE testified because of this, the plaintiff would not be able to work. [R. 241].

## CONCLUSION

This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed.  Id   Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 29 August 2008.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.